IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JUSTIN KYLE DOOLEY,

    Plaintiff,

    v.

KENNETH JACKSON,

    Defendant.

: CIVIL ACTION NO.
: 1:17-CV-1573-TWT-JSA
:
:
:
: **R E P O R T   A N D RECOMMENDATION ON A MOTION FOR DEFAULT JUDGMENT**
:
:
:

The above-captioned action is before the Court on Plaintiff's Motion for Default Judgment [10] and Defendant's Motion for a New Trial [22]. For the following reasons, the undersigned **RECOMMENDS** that the Motion for a New Trial [22] be construed as a motion to set aside default under Rule 55(c), that it be **GRANTED**, and that the Clerk's August 7, 2017 entry of default be **VACATED**. The undersigned **FURTHER RECOMMENDS** that Plaintiff's Motion for Default Judgment [10] be **DENIED as moot**.

## I.   BACKGROUND

Plaintiff initiated this action on May 2, 2017 by filing a Complaint [1] that named Kenneth Jackson, Kathy Woodruff, and Collection Receivable Inc. ("CRI") as Defendants. *See* Compl. at 1. Plaintiff sought to recover damages under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.*, and the Georgia Fair

Business Practices Act ("GFBPA"), O.C.G.A. § 10-1-390, *et seq. See* Compl. ¶ 2. Plaintiff filed a Notice of Settlement [17] on September 18, 2017 indicating that he had settled with Woodruff and CRI, so Kenneth Jackson (hereinafter, "Defendant") is the only remaining Defendant in this case.

Prior to settling with CRI, on August 6, 2017, Plaintiff filed a Motion for Default Judgment [10] against CRI and Defendant. The Clerk entered a default against CRI and Defendant on August 7, 2017. On September 20, 2017, the Court held a hearing on Plaintiff's Motion for Default Judgment in which it took the Motion under advisement and ordered the Plaintiff to show cause why the facts alleged in the Complaint were legally sufficient to establish Defendant's personal liability. *See* Order [18]. The Court ordered Plaintiff to submit a brief by October 4, 2017, and set the deadline for Defendant's Response as October 18, 2017, and the deadline for Plaintiff's Reply as October 25, 2017. *Id.* Plaintiff timely filed a "Brief Showing Cause" [20] ("Pl. Br.") on October 4, 2017. Defendant did not file a responsive brief. On October 26, 2017, Defendant filed a Motion for Extension of Time to Engage Another Attorney [21] requesting an extension until November 1, 2017 to obtain counsel on the grounds that he had engaged an attorney who, at the last minute, told Defendant that he was unable to respond to the motion. That same day, on October 26,

2

2017, Defendant also filed a Motion for a New Trial [22] stating that Defendant had engaged a lawyer and the lawyer failed to respond.

Plaintiff indicated no opposition to the Motion for Extension [21]. *See* Notice [23]. The Court therefore granted the Motion for Extension [21] as unopposed on October 27, 2017. *See* Order [25]. Plaintiff did, however, file a Response Opposing Defendant's Motion for New Trial [24] ("Pl. Resp.") on October 27, 2017.

As of today's date, the time for Defendant to obtain new counsel and file a brief pursuant to the Order [25] has passed, and no attorney has entered an appearance on Defendant's behalf. The Court must therefore address the pending motions without the aid of any counsel for Defendant, and must treat the Defendant as a party who is still acting *pro se*.

## II.   DISCUSSION

A document filed *pro se* is to be "liberally construed." *Erikson v. Pardus*, 551 U.S. 89, 94 (2007). In this case, although Defendant has requested a "new trial" in his Motion [22], the Court finds that based on the substance of Defendant's statements, and the procedural posture of the case, Defendant's motion should be construed as a motion to set aside default under Rule 55(c) of the Federal Rules of Civil Procedure. *Cf. Prudential Ins. Co. of Am. v. Crouch*, No. CV-109-148, 2010 WL 5071392 at *2 n.5 (S.D. Ga. Dec. 7, 2010) ("Given the substance of [Defendant's] filing and her *pro*

*se* status, the Court shall construe [Defendant's] response as a motion to set aside default.")

Under Rule 55(c), the Court may set aside a default for "good cause." "Good cause" is a "mutable standard" that varies from situation to situation and "is not susceptible to a precise formula." *Compania Interamericana Export-Import, N.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996). In determining whether "good cause" exists, courts have considered factors including whether the default was culpable or willful, whether setting aside the default would cause undue prejudice to the opposing party, and whether the defaulting party has presented a meritorious defense. *See Compania*, 88 F.3d at 951; *see also Robinson v. Tomy Group Atlanta LLC*, No. 1:14-cv-1467-LMM, 2015 WL 12860552 at *1 (N.D. Ga. Mar. 11, 2015) (May, J.). These factors are not "talismanic," however, and courts have examined a number of other factors, including the public interest, whether there was significant financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default after it was entered in the record. *Compania*, 88 F.3d at 951; *see also Dierschke v. O'Cheskey*, 975 F.2d 181, 184 (5th Cir. 1992).

"Underlying consideration of the appropriateness of setting aside a default is the fact that defaults are not favored in federal court and trials on the merits are the preferred method for resolving disputes." *Ritts v. Dealers Alliance Credit Corp.*, 989

F. Supp. 1475, 1480 (N.D. Ga. 1997) (citing *Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir. 1981). The Eleventh Circuit has instructed that "[e]ntry of judgment by default is a drastic remedy which should be used only in extreme situations" and that courts "must respect the usual preference that cases be heard on the merits rather than resorting to sanctions that deprive a litigant of his day in court." *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1316–17 (11th Cir. 2002) (quoting *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)); *see also Varnes v. Glass Bottle Blowers Assoc.*, 674 F.2d 1365, 1369 (11th Cir. 1982) (default judgments are disfavored, and courts prefer adjudication on the merits). "[A]lthough a district court may enter default judgment against a defendant who has failed to respond to a complaint against him, default judgments should only be entered if exceptional circumstances exist that prejudice the plaintiff." *Fry v. Hillsborough Cnty. Sch. Bd.*, 190 F. App'x 810, 817 (11th Cir. 2006).

In this case, Defendant has submitted exhibits to his Motion appearing to show communications with an attorney about this dispute. *See* Def. Mot. [22] at 2–5. The exhibits depict screenshots of a text-message conversation dated May 24, 2017 between Defendant and Wascar Aracena, an individual whom Defendant asserts is a lawyer based in Duluth, Georgia. *See* Def. Mot. Defendant apparently texted Aracena an image of the summons he received in this case. Def. Mot. at 2. Aracena sent back

5

messages that included the statements "I'm here brother" and "I got u." *Id.* Thus, in his Motion, Defendant states, "I did in fact speak with and retain a lawyer and he failed to respond per our May 24th 2017 agreement." *Id.* at 1. In other words, interpreted liberally, Defendant argues that good cause exists to set aside the default in this case because after receiving the summons, Defendant believed he had "retained" Aracena as an attorney and believed that Aracena was handling the lawsuit, so the blame for Defendant's lack of response to the Complaint lies with Aracena and not with Defendant.

Furthermore, Defendant indicated at the oral argument hearing on September 20, 2017 that he believes Plaintiff wrongly named his company as a defendant in this lawsuit due to confusing the company with another company by a similar name. Defendant's text conversation with Aracena on May 24, 2017, contains a similar assertion: Defendant texted Aracena, "They actually suing my collection agency but there is another company with same name that is the actual company they want." Def. Mot. at 2.

The Court finds, based on an examination of the principal factors under *Compania*, that Defendant has carried his burden under Rule 55(c) to establish good cause to set aside the default. As to the first factor, the culpability or wilfulness of the default, Defendant has shown that, while he did receive the summons and was

6

aware of the need to respond, he believed he had an attorney who would respond to Plaintiff's Complaint, and therefore did not intentionally fail to respond to the suit. Defendant also personally appeared at the September 20, 2017 hearing and has made attempts to contest the entry of a default judgment against him.

The second *Compania* factor is prejudice to the nonmoving party. "To establish prejudice, the plaintiff must show that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Berthelsen v. Kane*, 907 F.2d 617, 621 (6th Cir. 1990). A mere delay does not establish prejudice. *Rogers v. Allied Media*, 160 B.R. 249, 255 (Bankr. N.D. Ga. 1993). In this case, Plaintiff has contested the Motion for a New Trial by filing a Response in opposition. *See* Pl. Resp. [24]. Still, Plaintiff alleges no facts as to why Plaintiff would be prejudiced by granting relief to Defendant under the present Motion.[1]

---

[1]Plaintiff's Response argues that Defendant's Motion should be denied based on the timing requirements of Rules 59 and 60 of the Federal Rules of Civil Procedure. *See* Pl. Resp. [24] at 2. The Court agrees that a motion for a new trial under Rule 59 or a motion for relief from judgment under Rule 60 would be premature at this time, as no trial has been held and no judgment entered. The Court is required, however, to interpret Defendant's *pro se* motion liberally, which means the Court looks beyond the legal terminology used by Defendant in an effort to perceive what Defendant is substantively arguing and truly requesting. In this case, the Motion [22] is appropriately interpreted as a motion to set aside default under Rule 55(c), not as a motion for a new trial or a motion to set aside a default judgment.

Third, under *Compania*, the Court looks at whether Defendant has presented a meritorious defense. When evaluating defenses, "likelihood of success is not the measure." *SunTrust Bank v. Armsey*, No. 09-80606, 2010 WL 731802, at \*2 (S.D. Fla. Feb. 26, 2010). "Instead, the movant need only provide 'a hint of a suggestion' that his case has merit." *Id.* (quoting *Moldwood Corp. v. Stutts*, 410 F.2d 351, 352 (5th Cir. 1969)). In this case, the Court finds that Defendant has alleged a meritorious defense, that Plaintiff confused Defendant's company with another company by the same name. Moreover, the Court previously expressed concerns about whether the Complaint alleged sufficient facts to find—even if default judgment were entered—that Defendant could be held personally liable under the Fair Debt Collection Practices Act for the alleged acts of his company.[2] *See* Order [18].

In summary, the Court finds that the circumstances leading to the default in this case were not extreme, and do not justify the drastic remedy of default judgment. There has been no indication of culpableness or willfulness on the part of Defendant,

---

[2]The Court acknowledges that Plaintiff submitted legal arguments, in his Brief Showing Cause, in support of the proposition that Defendant could be held personally liable directly under the Fair Debt Collection Practices Act without the need to pierce the corporate veil. *See* Pl. Br. [20] at 5–8. Because the Court recommends setting aside the default, these arguments are not ripe for review.

and Defendant has alleged a meritorious defense that ought to be decided on the merits.

## III.   CONCLUSION

Accordingly, the undersigned **RECOMMENDS** that Defendant's Motion for a New Trial [22] be construed as a Motion to Set Aside Default, that the Motion be **GRANTED**, and that the Clerks' August 7, 2017 entry of default be **VACATED**. The undersigned **FURTHER RECOMMENDS** that Plaintiff's Motion for Default Judgment [10] be **DENIED as moot**.

The undersigned, however, concludes with a **WARNING** to Defendant: if the District Judge adopts this Report and Recommendation, the undersigned will not continue to provide Defendant with leniency regarding the Court's deadlines on the grounds that Defendant believed a lawyer was handling this matter. If the District Judge adopts this Report and Recommendation, and Defendant wishes to proceed through counsel, Defendant must solidify his representation with an attorney by ensuring that his attorney enters an appearance on his behalf on the docket, as required by the Local Rules. *See* LR 83.1D(1), NDGa. Otherwise, the Court will presume Defendant is acting *pro se*. The Court warns Defendant that a *pro se* party is not excused from the requirement to comply with all deadlines imposed by the Federal

Rules of Civil Procedure and the Local Rules of this Court, as well as deadlines imposed by Order of the Court. If Defendant proceeds *pro se*, without benefit of counsel, he will still be required to follow the same procedural rules and deadlines as other litigants. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

To that end, the undersigned **FURTHER RECOMMENDS** that, if the District Judge enters an Order adopting this Report and Recommendation, to give Defendant adequate time to secure counsel and appropriately respond to the Complaint, Defendant be ordered to respond to Plaintiff's Complaint within **thirty (30) days** after the entry of the District Judge's Order, either through counsel who files a notice of appearance on the docket, or on his own behalf *pro se*.

**IT IS SO RECOMMENDED** this 21st day of November, 2017.

JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE